[No. 2571]

THE STATE OF NEVADA, Ex Rel. F. E. BROCK-
LISS, PETITIONER, v. H. C. JEPSEN, COUNTY
CLERK OF DOUGLAS COUNTY, RESPONDENT.

[209 Pac. 501]

1. ELECTIONS—HEADING FOR NONPARTISAN CANDIDATE GROUPS ON
   PRIMARY ELECTION BALLOTS STATED.
      Under the primary election act of 1917, sec. 12, subd. (e),
   as amended by Stats. 1920-21. c. 248, providing for grouping
   candidates on primary ballots under their respective offices,
   and that each group shall be preceded by the words "Vote for
   one" or "Vote for two," according to the number. to be nomi-
   nated, the statute providing no different instructions for
   nonpartisan offices, and section 22 providing that for non-
   partisan offices, where only one person can be elected, the
   two receiving the most votes shall be nominees, the words
   "Vote for two" should precede each group of at least three
   nonpartisans, where but one can be elected.

2. STATUTES—WHERE LANGUAGE IS PLAIN, THERE IS NO ROOM
   FOR CONSTRUCTION.
      Where the language of a statute is plain and the meaning
   unmistakable, there is no room for construction, and the
   courts may not search for the meaning beyond the statute
   itself.

ORIGINAL PROCEEDING. Mandamus by the State, on
the relation of F. E. Brockliss, to command H. C.
Jepsen, as County Clerk of Douglas County, to have cer-
tain primary election ballots printed. **Peremptory writ
issued against respondent.**

*George S. Brown, H. R. Cooke,* and *A. D. Ayres,* for
Petitioner.

*Robert Richards,* for Respondent.

By the Court, CALLAHAN, District Judge:

The petition prays for a peremptory writ of man-
damus, commanding H. C. Jepsen, as county clerk of
Douglas County, to cause to be printed sample ballots
which, after the designation for the offices of justice of
the supreme court and regent of the University of
Nevada, shall have printed thereon the words "Vote for
two," and to cause the official ballots which are used at

said primary election to be printed in the same manner. A general demurrer was interposed to the petition.

There were three candidates for the nomination for each of those offices, all of which are nonpartisan under the law, and the sole question is: Shall the names of each group of candidates be preceded by the words "Vote for one" or "Vote for two." On account of the short period of time allowed by law in which the sample ballots and official ballots had to be printed, an immediate decision was necessary, and it was stipulated that the court might render its decision forthwith and write an opinion later. It was thereupon decided that the demurrer should be overruled and the petition granted, requiring the defendant to precede the names of each group of candidates referred to in the amended petition with the words "Vote for two."

1.  In the year 1917 (Stats. 1917, c. 155) the legislature passed a new primary election act, which has since been amended (Stats. 1921, c. 248) in some respects. In brief, and so far as applicable to the point, it provides for political parties, and that such political parties may, at the primary election, nominate candidates for public offices. Such political parties are partisan organizations, whose members are allowed to participate, at the primary election, in the nomination of their respective party candidates for political offices. The act provides that all judicial offices and school offices are nonpartisan offices, and the names of candidates for nonpartisan offices shall appear alike on the ballots of each political party, without any party designation or party name thereafter. Therefore, when a partisan elector approaches the polls to vote at any primary election, he is handed a partisan ballot of the party with which he affiliates, as shown by his registration, on which ballot there appears the names of all of his party candidates for nomination by that party, and also the names of all nonpartisan candidates, in which there is a contest for nomination. If the voter is registered for the primary without a declaration of party affiliation,

he is given a ballot containing only the names of the nonpartisan candidates, among whom there is a contest for nomination.

Section 22 of the act provides that the party candidate who receives the highest vote at the primary shall be declared to be the nominee of his party for the November election. In case of an office to which two or more candidates are to be elected at the November election, those party candidates equal in number to the positions to be filled, who receive the highest number of votes at the primary shall be declared the nominees of their party. In case of a nonpartisan office, to which only one person can be elected at the November election, the two candidates receiving the highest number of votes shall be declared to be the nonpartisan nominees. In the case of a nonpartisan office, to which two or more persons may be elected at the November election, those candidates equal in number to twice the number of positions to be filled, who receive the highest number of votes, shall be declared to be the nonpartisan nominees for such office. It is therefore clear that each partisan organization which complies with the primary act has the right to nominate one partisan candidate for each political position to be filled at the general election, but as to nonpartisan offices it is also clear that the whole of the registered electors who vote at the primary have the right to nominate two candidates for each nonpartisan position to be filled at the general election.

Subdivision (e) of section 12 of the act as amended, which is substantially the same as it was when the act was originally adopted, states what instructions shall be placed on the primary ballot whether the candidate be partisan or nonpartisan. So far as it is applicable to the point at issue, it provides that the names of the candidates shall be grouped on the primary ballots according to the office for which they are candidates, and the names in each group shall be preceded by the designation of the office for which the candidate seeks nomination "and the words 'Vote for one' or 'Vote for

two' or more, according to the number to be nominated."
The statute provides no different instructions for a
nonpartisan office; consequently "the words 'Vote for
one' or 'Vote for two' or more, according to the number
to be nominated," apply alike both to partisan and
nonpartisan candidates, and the statute means that
each group of names of candidates on the primary
ballots shall be preceded by the words "Vote for one"
or "Vote for two," or more, according to the number to
be nominated by the political party or body nominating
candidates for the office or position to be filled. If the
candidates are partisan, and but one person can be
elected to that office at the general election, then each
political party can nominate but one candidate for that
office; but if the candidates are nonpartisan—that is,
if they are seeking the nomination for a nonpartisan
office, and but one person can be elected to that office
at the general election—the law clearly provides that
two persons may be nominated for that office by the
electors as a whole, who vote at the primary election.
Since there were three candidates for the nomination
for each of the nonpartisan offices to be filled, men-
tioned in the amended petition, and since two candi-
date were to be nominated for each of those offices,
under the expressed language of the legislature, it fol-
lows that the words "Vote for two" should precede the
names of each group of candidates mentioned in the
amended petition.

2. Where the language of a statute is plain and
unambiguous, and its meaning clear and unmistakable,
there is no room for construction, and the courts are
not permitted to search for its meaning beyond the
statute itself. 25 R. C. L. 957, 958.

DUCKER, J.: I concur.

COLEMAN, J.: I concur.

SANDERS, C. J., being disqualified, CALLAHAN, District
Judge, participated in the consideration of this case,
pursuant to designation by the Governor.