OPINION
 

 Per Curiam:
 

 State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (“State Farm”) filed a declaratory relief action below contesting the validity of a 1996 amendment to NAC 690B.230(2). State Farm argued that the amendment, promulgated by the Division of Insurance of the State of Nevada (“Division”), violated NRS 679B.130(1) by creating a definition of “chargeable accident” which modified, or conflicted with, existing statutes. The Division denied the allegations and asserted that the regulation, as amended, was a reasonable requirement related to the administration or effectuation of a provision of the Nevada insurance code, namely NRS 687B.385.
 

 
 *292
 
 State Farm filed a motion for summary judgment. The district court concluded that NAC 690.230(2) did not aid in the administration of NRS 687B.385 but was, in fact, in conflict with NRS 687B.385 as well as NRS 41.141, the Nevada comparative negligence statute. The district court granted State Farm’s motion for summary judgment and entered a permanent injunction against enforcement of the regulation. We agree with the determinations of the district court and for the reasons set forth below, we affirm the district court’s order.
 

 FACTS
 

 NAC 690B.230 is one of a series of administrative rules designed to regulate transactions between insurers and insureds. This specific regulation defines the term “chargeable accidents” for the purpose of underwriting, rating, cancellation and renewal of automobile insurance coverages. NAC 690B.230(2), as amended in 1996, reads as follows:
 

 2. Each insurer shall file with the division its definition of a “chargeable accident” and shall use the filed definition. The insurer’s definition of a “chargeable accident” may include only those accidents for which the insured is more than 50 percent at fault.
 

 The regulation was promulgated for the purpose of enforcing NRS 687B.385, which provides:
 

 An insurer shall not cancel, refuse to renew or increase the premium for renewal of a policy of casualty or property insurance as a result of any claims made under the policy with respect to which the insured
 
 was not at fault.
 

 [1]
 

 (Emphasis added.) Because the legislature did not define the phrase “not at fault,” the Division exercised its rule-making authority under NRS 679B. 130(1) to restrict the criteria that an insurance company could use in determining fault under the statute.
 

 Prior to the enactment of the regulation, State Farm instituted internal company policies that defined a “chargeable accident” for purposes of canceling, renewing or increasing premiums pursuant to NRS 687B.385 to mean any accident for which the insured was
 
 fifty percent or more
 
 at fault. State Farm sought declaratory relief to resolve its differences over the Division’s regulatory interpretation of NRS 687B.385.
 

 
 *293
 

 DISCUSSION
 

 Standard of review
 

 “Orders granting summary judgment are reviewed de novo.” Bulbman, Inc. v. Nevada Bell, 108 Nev. 105, 110, 825 P.2d 588, 591 (1992). Further, “[rjeview in this court from a district court’s interpretation of a statute is de novo.” State, Dep’t of Mtr. Vehicles v. Frangul, 110 Nev. 46, 48, 867 P.2d 397, 398 (1994). Finally, matters involving the construction of an administrative regulation are a question of law subject to independent appellate review.
 
 See
 
 SUS v. Miller, 112 Nev. 1112, 1116, 923 P.2d 577, 579 (1996).
 

 Statutory construction
 

 When determining the validity of an administrative regulation, courts generally give “great deference” to an agency’s interpretation of a statute that the agency is charged with enforcing.
 
 See
 
 State v. State Engineer, 104 Nev. 709, 713, 766 P.2d 263, 266 (1988) (quoting Clark Co. Sch. Dist. v. Local Gov’t, 90 Nev. 442, 446, 530 P.2d 114, 117 (1974)). However, a court will not hesitate to declare a regulation invalid when the regulation violates the constitution, conflicts with existing statutory provisions or exceeds the statutory authority of the agency or is otherwise arbitrary and capricious.
 
 See
 
 NRS 233B.110; Clark Co. Social Service Dep’t v. Newkirk, 106 Nev.
 
 177,
 
 179, 789 P.2d 227, 228 (1990); Roberts v. State, 104 Nev. 33, 37, 752 P.2d 221, 223 (1988).
 

 Finally, even a reasonable agency interpretation of an ambiguous statute may be stricken by a court when a court determines that the agency interpretation conflicts with legislative intent.
 
 See
 
 Hotel Employees v. State, Gaming Control Bd., 103 Nev. 588, 591, 747 P.2d 878, 880 (1987). Thus, the decision in this case must begin with an analysis of NRS 687B.385, pursuant to which the regulation was promulgated.
 

 “Where the language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself.” State v. Jepsen, 46 Nev. 193, 196, 209 P. 501, 502 (1922),
 
 quoted in
 
 Erwin v. State of Nevada, 111 Nev. 1535, 1538-39, 908 P.2d 1367, 1369 (1995); Charlie Brown Constr. Co. v. Boulder City, 106 Nev. 497, 503 , 797 P.2d 946,
 
 *294
 
 949 (1990). However, where a statute has no plain meaning, a court should consult other sources such as legislative history, legislative intent and analogous statutory provisions.
 
 See
 
 Moody v. Manny’s Auto Repair, 110 Nev. 320, 325, 871 P.2d 935, 938-39 (1994).
 

 This court has previously determined that the exact meaning of the words “at fault” in NRS 687B.385 is not clear and unmistakable.
 
 See
 
 State Farm Mut. v. Comm’r of Ins., 114 Nev. 535, 541, 958 P.2d 733, 736-37 (1998)
 
 (State Farm
 
 I). In
 
 State Farm I,
 
 we concluded that:
 

 A reading of the legislative history as a whole shows that the legislature believed that an insured’s individual premium structure would be adversely affected by a claim only if the insured was at fault. The legislators viewed the issue of fault, under NRS 687B.385, in the context of whether or not the insurance company would be required to pay a claim against the insured.
 

 Id.
 
 The legislative history also indicates that the legislature clearly understood that more than one person could be at fault with regard to a single accident and that an accident should only be charged against an insured when the insured’s conduct was responsible in some form for the accident.
 
 See
 
 Hearings on A.B. 308 Before the Nevada Assembly Committee on Commerce, 64th Leg. (Nev., March 25, 1987).
 

 The court in
 
 State Farm I
 
 then determined that NRS 687B.385 should be read “in pari materia” with NRS 41.141, the Nevada “Comparative Negligence” Statute. Statutes are said to be “in para materia” when they involve the same classes of persons or things or seek to accomplish the same purpose or object.
 
 See
 
 Goldstein v. State, 803 S.W.2d 777, 788 (Tex. App. 1991).
 

 In
 
 State Farm I,
 
 we compared the provisions of NRS 41.141 with NRS 687B.385 and concluded that there “is a direct doctrinal connection between the resolution of a claim under the liability coverage of an auto insurance policy and the determination of ‘fault’ pursuant to the statutory doctrine governing tort liability.”
 
 State Farm I,
 
 114 Nev. at 542, 958 P.2d at 737. NRS 41.141 relates to the assignment of fault between parties to a lawsuit and bars a plaintiff from recovery if the plaintiff’s negligence is more than fifty percent responsible for a covered accident. Thus, under NRS 41.141, a casualty liability insurer is required to pay a judgment where its insured is determined to be fifty percent or more at fault in connection with an accident.
 

 Based upon the foregoing analysis, the court concluded that State Farm’s construction of the “at fault” provision in NRS
 
 *295
 
 687B.385 was reasonable and the Division could not impose a different interpretation upon State Farm without first enacting a valid regulation in accordance with the procedures of NRS chapter 233B, the Administrative Procedure Act (APA).
 
 [2]
 

 We note that there are additional rules of statutory construction that apply in this instance. Whenever possible, this court will interpret a rule or statute in harmony with other rules or statutes. Bowyer v. Taack, 107 Nev. 625, 627, 817 P.2d 1176, 1177 (1991); City Council of Reno v. Reno Newspapers, 105 Nev. 886, 892, 784 P.2d 974, 978 (1989). Finally, when the legislature enacts a statute, this court presumes that it does so “with full knowledge of existing statutes relating to the same subject.” City of Boulder v. General Sales Drivers, 101 Nev. 117, 118-19, 694 P.2d 498, 500 (1985). NRS 41.141 existed when the legislature enacted NRS 687B.385.
 

 Although the subject matter of NRS 687B.385 is not precisely the same as NRS 41.141, the two concepts of fault are so closely related that they should be construed harmoniously. Accordingly, we conclude that the legislature intended that the term “at fault” contained in NRS 687B.385 means a chargeable accident does not occur unless the insured is fifty percent at fault.
 

 Having determined the legislative intent behind NRS 687B.385, we must now examine the Division’s regulation, NAC 690B.230(2), to determine if it was enacted in accordance with the Division’s authority under NRS 679B.130. NRS 679B.130 provides in relevant part that “[a] regulation shall not extend, modify or conflict with any law of this state or the reasonable implications thereof.”
 

 NAC 690B.230(2) forbids insurers to take any underwriting action against an insured that is fifty percent at fault. Under NRS 41.141, insurers must pay a covered claim where the insured’s responsibility for an accident is fifty percent or more. The legislature, in its enactment of NRS 687B.385, intended to protect insureds from re-rating premiums only when the insured bore no legal responsibility for an accident. Any regulation that prohibits a casualty insurer from charging an accident against an insured even though the insured is legally liable for the accident under NRS 41.141 is clearly in conflict with both NRS 687B.385 and
 
 *296
 
 41.141. Therefore, we conclude that the Division exceeded its authority under NRS 679B.130 by promulgating NAC 690B.230(2).
 

 CONCLUSION
 

 We conclude that the language of NAC 690B.230(2) that limits an insurer’s definition of a “chargeable accident” to those accidents for which the insured is more than fifty percent at fault is in conflict with NRS 687B.385. We further conclude that the conflict between NAC 690B.230(2) and NRS 687B.385 renders NAC 690B.230(2) invalid. Accordingly, we affirm the order of the district court.
 

 [1]
 

 This statute was amended in 1997. The 1997 amendments did not alter the language regarding fault and have no bearing on this opinion.
 

 [2]
 

 Although both State Farm and the Division argue that
 
 State Farm I
 
 is dis-positive of this case, footnote 4 of
 
 State Farm I
 
 specifically reserved the question of the validity of any promulgated regulation for a future date.