Maupin, J.,
with whom Becker, J., agrees, concurring:
Effective January 1, 1998, NRS 200.485 prescribes the penalties attendant to convictions for violations of NRS 33.018.
*837 1. Unless a greater penalty is provided pursuant to NRS 200.481, a person convicted of a battery that constitutes domestic violence pursuant to NRS 33.018:
(a) For the first offense within the immediately preceding 7 years, is guilty of a misdemeanor and shall be sentenced to:
(1) Imprisonment in the city or county jail or detention facility for not less than 2 days, but not more than 6 months; and
(2) Perform not less than 48 hours, but not more than 120 hours, of community service.
The person shall be further punished by a fine of not less than $200, but not more than $1,000. A term of imprisonment imposed pursuant to this paragraph may be served intermittently at the discretion of the judge or justice of the peace, except that each period of confinement must be not less than 4 consecutive hours and must occur either at a time when the person is not required to be at his place of employment or on a weekend.
(b) For the second offense within the immediately preceding 7 years, is guilty of a misdemeanor and shall be sentenced to:
(1) Imprisonment in the city or county jail or detention facility for not less than 10 days, but not more than 6 months; and
(2) Perform not less than 100 hours, but not more than 200 hours, of community service.
The person shall be further punished by a fine of not less than $500, but not more than $1,000.
(c) For the third and any subsequent offense within the immediately preceding 7 years, is guilty of a category C felony and shall be punished as provided in NRS 193.130.
The legislature went on to provide that sections 18 and 19 of Assembly Bill 170 “do not apply to offenses that are committed before January 1, 1998.” The quoted language does not create an ambiguity as to whether convictions for offenses prior to that date may or may not be used for enhancement of offenses committed after that date. It simply delineates how offenses committed after that date are to be treated for sentencing purposes. There being no language relating to when convictions must be committed to be considered for enhancement purposes, there is no ambiguity to resolve. The plain meaning of the provision is that, when an offense committed after January 1, 1998, is the third such *838 offense committed within a seven-year period, it is subject to enhancement.
It is therefore unnecessary to resort to alternate rules of statutory construction to resolve this appeal. See State v. Jepsen, 46 Nev. 193, 196, 209 P. 501, 502 (1922) (declining resort to judicial construction when the language of a statute is unambiguous).