131 Nev., Advance Opinion 11

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JED PROPERTY, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. COASTLINE RE HOLDINGS NV CORP., A NEVADA CORPORATION, Respondent. | No. 63092 |
| JED PROPERTY, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. COASTLINE RE HOLDINGS NV CORP., A NEVADA CORPORATION, Respondent. | No. 63359 |

**FILED**

MAR 05 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Consolidated appeals from a district court order granting a motion for summary judgment and a post-judgment award of attorney fees and costs. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

*Affirmed.*

Marquiz Law Office and Craig A. Marquiz, Henderson; Bogatz Law Group and Scott Bogatz and Charles M. Vlasic III, Las Vegas, for Appellant.

Gordon Silver and Kenneth E. Hogan and Erika A. Pike Turner, Las Vegas; Lewis Roca Rothgerber LLP and Joel D. Henriod and Daniel F. Polsenberg, Las Vegas, for Respondent.

BEFORE PARRAGUIRRE, SAITTA and PICKERING, JJ.

15-06887

## OPINION

By the Court, SAITTA, J.:

If a trustee's sale under NRS 107.080 "has been postponed by oral proclamation three times, any new sale information must be provided by notice as provided in NRS 107.080." NRS 107.082(2). At issue here is whether NRS 107.082(2) requires another notice of the sale's time and place, as provided in NRS 107.080, after a third oral postponement of a trustee's sale or if the notice of sale requirement is not triggered unless, after the third oral postponement has been given, the sale's time or place subsequently changes.

We hold that NRS 107.082(2)'s notice of sale requirement is not triggered unless, after the third oral postponement has been given, the sale's date, time, or place is later changed. Therefore, the district court did not err in granting summary judgment and in subsequently awarding attorney fees and costs.

### FACTUAL AND PROCEDURAL HISTORY

In an effort to foreclose on real property in Las Vegas that was used to secure a debt by appellant JED Property, LLC, respondent Coastline RE Holdings NV Corp. or its trustee recorded a notice of a trustee's sale. The trustee's sale was orally postponed three times before the property was sold, with the sale occurring on the date and at the place set by the third oral postponement.

After Coastline initiated a civil action against JED, JED filed counterclaims against Coastline, asserting a claim for, among other things, wrongful foreclosure. In particular, JED contended that Coastline violated NRS 107.082(2) when it orally postponed the sale three times without effectuating a written notice of the sale's time and place as

SUPREME COURT
OF
NEVADA

(O) 1947A

2

provided in NRS 107.080. Coastline then filed a motion for summary judgment, arguing that JED premised its counterclaims on an erroneous interpretation of NRS 107.082(2). The district court granted summary judgment in favor of Coastline upon concluding that the three oral postponements did not trigger NRS 107.082(2)'s notice requirement because the sale occurred on the date set by the third oral postponement. Subsequently, the district court granted Coastline an award of attorney fees and costs.

JED now appeals the summary judgment order. JED also appeals the award of attorney fees and costs to the extent that the award must be reversed if JED prevails in this proceeding by compelling the reversal of the summary judgment. In so doing, JED raises the following issue: whether the district court erred in granting summary judgment in favor of Coastline as to the counterclaims against it upon concluding that the three oral postponements of the trustee's sale did not trigger NRS 107.082(2)'s notice requirement.

## DISCUSSION

On appeal, JED argues that the district court's reading of NRS 107.082(2) deviated from the statute's plain meaning, which JED reads as requiring a written notice of new sale information upon the third oral postponement of the sale.

Coastline contends that NRS 107.082(2) unambiguously permits three oral postponements of a sale and requires the notice of any new sale information only for postponements that follow the third oral postponement.

*Standard of review*

The parties' arguments concern summary judgment, the interpretation of NRS 107.082(2), and the legal basis for the award of

attorney fees and costs. Therefore, de novo review applies. *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1302, 148 P.3d 790, 792 (2006) (employing de novo review in ascertaining a statute's meaning); *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90, 127 P.3d 1057, 1063 (2006) (providing that a denial of attorney fees is generally reviewed for abuse of discretion but that de novo review applies when an attorney fees matter concerns questions of law); *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (employing de novo review in evaluating a summary judgment).

*NRS 107.082(2)'s plain meaning*

This court interprets an unambiguous statute based on its plain meaning by reading it as a whole and "giv[ing] effect to each . . . word[ ] and phrase[ ]." *Davis v. Beling*, 128 Nev. __, __, 278 P.3d 501, 508 (2012). We do not look to other sources, such as legislative history, unless a statutory ambiguity requires us to look beyond the statute's language to determine the legislative intent. *State, Div. of Ins. v. State Farm Mut. Auto. Ins. Co.*, 116 Nev. 290, 294, 995 P.2d 482, 485 (2000).

NRS 107.082(2) states: "If such a sale *has been* postponed by oral proclamation three times, any *new sale information* must be provided by *notice* as provided in NRS 107.080." (Emphases added.) Ascertaining NRS 107.082(2)'s meaning and its application to the facts of this appeal thus primarily involves resolving the meaning of the phrases "has been" and "new sale information" and the term "notice" in the statute.

The plain meaning of NRS 107.082(2) and its "new sale information" and "notice" language is clear when reading that statute in conjunction with the statute that it references: NRS 107.080. NRS 107.080 requires two notices: (1) a notice of the default and of the election

to sell under NRS 107.080(2)(c) and NRS 107.080(3) and (2) a notice of the trustee sale's time and place under NRS 107.080(4).[1] NRS 107.080(4)'s notice of the trustee sale's date, time, and place encompasses, by its nature, the new sale information referred to in NRS 107.082(2), as it contains information about the sale that potential buyers would need in order to participate.[2]

The content of the notice of the sale's time and place as provided in NRS 107.080(4) is primarily the same as the content that would be conveyed in an oral postponement of the sale—that being the sale's date, time, and place. *See* NRS 107.082(1) (providing that if a sale is orally postponed it must be postponed "to a later date at the same time and location"). Once a sale "has been" orally postponed for a third time, the information about the postponed sale has already been communicated. NRS 107.082(2). Therefore, as long as the information regarding the sale's date, time, and place remains the same after the third oral postponement,

---

[1]NRS 107.080(4) requires the notice of the sale's time and place to be effectuated in a series of ways, specifically: (1) recording the notice; (2) giving the notice to the parties who are statutorily required to receive it; (3) posting the notice for 20 consecutive days; and (4) publishing the notice "three times, once each week for 3 consecutive weeks, in a newspaper of general circulation."

[2]Although the language of NRS 107.080(4) only refers to "time and place," "time" in this context necessarily includes both the date and time of day. Otherwise, notice under NRS 107.080(4) would not have to include the date that the sale is to occur. *See City Plan Dev. v. State, Labor Comm'r*, 121 Nev. 419, 435, 117 P.3d 182, 192 (2005) ("When interpreting a statute, this court will . . . seek to avoid an interpretation that leads to an absurd result.").

SUPREME COURT
OF
NEVADA

(O) 1947A

5

there is no new sale information to provide that would require a new notice under NRS 107.082(2).

But, if the sale's date, time, or location changes after the third oral postponement, then there *is* new sale information. NRS 107.082(2). Thus, if the sale's date, time, or location changes after the third oral postponement, NRS 107.082(2) requires that this new sale information be noticed as provided in NRS 107.080(4).

*The district court did not err in granting summary judgment*

In determining whether the district court erred in granting summary judgment, this court resolves whether genuine issues of material fact remained, such that "a rational trier of fact could return a verdict for the nonmoving party." *Wood*, 121 Nev. at 731, 121 P.3d at 1031.

Here, Coastline would only be required to give notice under NRS 107.082(2) if the day, time, or place of the trustee's sale was changed *subsequent* to the third oral postponement. Neither party disputes that the trustee's sale was orally postponed three times and that it occurred on the date that was identified in the third oral postponement. Likewise, the record is devoid of any evidence suggesting that the time or place of the trustee's sale was changed after the third oral postponement was submitted. Thus, the record does not demonstrate that the time or place of the sale was changed after the third oral postponement. Therefore, the district court did not err by granting summary judgment in favor of Coastline.

*The district court did not err when awarding attorney fees*

JED asserts that the award of attorney fees and costs to Coastline must be vacated if JED prevails on its appeal and the summary judgment order is reversed. Because we find that the district court did not err in granting summary judgment in favor of Coastline, the district court

Supreme Court
OF
Nevada

(O) 1947A

6

likewise did not abuse its discretion in awarding attorney fees and costs to Coastline.

## CONCLUSION

The plain meaning of NRS 107.082(2) provides that if the time or place of a trustee's sale changes after the third oral postponement, a new notice of sale under NRS 107.080 is required. Therefore, because JED failed to submit any evidence that the day, time, or place of the trustee's sale in this case changed after the third postponement, we affirm the district court's grant of summary judgment in favor of Coastline. Consequently, we also affirm the district court's award to Coastline of attorney fees and costs.

_____, J.
Saitta

We concur:

_____, J.
Parraguirre

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A