139 Nev., Advance Opinion 43

IN THE SUPREME COURT OF THE STATE OF NEVADA

---

ELEANOR F. KILLEBREW, TRUSTEE
OF THE KILLEBREW REVOCABLE
TRUST, 5TH ADM 1978; KWS NEVADA
RESIDENTIAL LLC, A/K/A KERN
SCHUMACHER, LLC; DEAN
INGEMANSON, TRUSTEE OF THE
LFI-MORGAN PERSONAL
RESIDENTIAL TRUST AND DEAN
INGEMANSON AS TRUSTEE OF THE
INGEMANSON FAMILY TRUST;
DENNIS AND KATHERINE HART,
TRUSTEES OF THE HART TAHOE
TRUST; TODD AND JANET LOWE,
TRUSTEES OF THE LOWE PERSONAL
RESIDENCE TRUST; PAUL
INGEMANSON; FRED J. AMOROSO
AND REGINA A. AMOROSO,
TRUSTEES OF THE AMOROSO
FAMILY TRUST; AND SHOREZONE
PROPERTY OWNERS ASSOCIATION,
INC., D/B/A TAHOE LAKEFRONT
OWNERS ASSOCIATION,
Appellants,
vs.
STATE OF NEVADA, EX REL.
CHARLES DONOHUE, STATE LAND
REGISTRAR AND ADMINISTRATOR
OF THE DIVISION OF STATE LANDS,
Respondent.

No. 83830

FILED

SEP 28 2023

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

---

Appeal from a district court order granting summary judgment in a declaratory relief action. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.

*Affirmed.*

23-31827

Lewis Roca Rothgerber Christie LLP and Daniel F. Polsenberg and Abraham G. Smith, Las Vegas; Snell & Wilmer and William E. Peterson, Reno,
for Appellants.

Aaron D. Ford, Attorney General, and Daniel P. Nubel, Senior Deputy Attorney General, Carson City,
for Respondent.

Legislative Counsel Bureau, Legal Division, and Kevin C. Powers, General Counsel, Carson City,
for Amicus Curiae Legislative Commission of the State of Nevada.

---

BEFORE THE SUPREME COURT, EN BANC.

## OPINION

By the Court, LEE, J.:

In this opinion, we are tasked with reviewing NAC 322.190, a regulation that sets permit fees for the residential use of piers and buoys on navigable waters in Nevada. In completing that task, we clarify the standard of review for challenges to the validity of an agency's regulation under NRS 233B.110, which mandates that we review the regulation for violations of constitutional or statutory provisions or whether it exceeds the permissible scope of statutory authority. Because the regulation at issue does not violate any constitutional or statutory provision and does not exceed the statutory authority granted to the agency, we affirm the district court's grant of summary judgment.

## FACTS AND PROCEDURAL HISTORY

Appellants own property in Nevada along Lake Tahoe's shoreline and have piers or buoys on the lake. For a fee, the State Land Registrar (the Registrar) issues permits for the use of piers and buoys on Lake Tahoe. The Registrar serves as the Administrator of the Division of State Lands of the State Department of Conservation and Natural Resources (the Division), and Lake Tahoe is administered by the Division.

Prior to 2017, the Legislature statutorily set a uniform permit fee for piers and buoys in former NRS 322.120. *See, e.g.*, 1995 Nev. Stat., ch. 645, § 9, at 2511. In 2017, the Legislature amended NRS 322.120 to require the Registrar to establish the permit fee amount by regulation rather than by statute. 2017 Nev. Stat., ch. 366, § 2, at 2256. In the preamble to the amended bill, the Legislature stated that "[t]his fee schedule has not been modified since 1995" and that "[t]he fees charged under this fee schedule are less than the fair market value for the use of state land and less than what other western states and agencies charge for comparable uses." *Id.* at 2256.

In response to the amendment, the Registrar promulgated NAC 322.195, which sets forth the fee schedule for pier and buoy permits. In creating the fee schedule, the Division took into consideration the following five methodologies: (1) a historical review of the statutory fee as established in 1993; (2) a comparative analysis of fees in other western states (Arizona, California, Idaho, Washington, Oregon, and Utah); (3) an evaluation of fees charged by marinas and other businesses in Nevada and adjacent states, such as Arizona and California; (4) an in-house evaluation method to estimate the fair market value of the piers in the Nevada side of Lake Tahoe; and (5) an independent appraisal. Additionally, the Division

solicited comment and feedback from specific stakeholders, including appellant Tahoe Lakefront Owners Association. The Division also provided individual notice to all permittees, posted notice at every Nevada library, advertised in newspapers, and held five public workshops.

In response to comments, the Division reduced its proposed fee schedule and phased in fee increases over time. The Division ultimately set a uniform fee for the residential use of piers at $750 and buoys at $250 in the regulation, an increase to the previously set fees of $50 for piers and $30 for buoys. The regulation was subsequently approved by the Legislative Commission, a legislative body that reviews agency regulations for legislative intent and statutory authority.

In March 2020, appellants petitioned under NRS 233B.110 for a declaratory judgment that the fee-setting regulation was invalid. The Division moved for summary judgment, claiming the regulation did not violate statutory or constitutional provisions and did not exceed the Division's statutory authority. After a hearing on the motion, the district court granted summary judgment in the Division's favor. This appeal follows.

## DISCUSSION

Appellants argue the district court erred in granting summary judgment because it (1) used the wrong standard of review for the regulation, and (2) erroneously concluded that the regulation did not exceed or violate statutory authority. "A district court's decision to grant summary judgment is reviewed de novo." *A Cab, LLC v. Murray*, 137 Nev. 805, 813, 501 P.3d 961, 971 (2021). "Summary judgment is appropriate . . . when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, that are properly before the court demonstrate that no genuine issue of material fact exists, and the moving party is entitled to

SUPREME COURT
OF
NEVADA

(O) 1947A

4

judgment as a matter of law." *Wood v. Safeway, Inc.*, 121 Nev. 724, 731, 121 P.3d 1026, 1031 (2005).

*Standard for reviewing the validity of a regulation*

Appellants first contend that the district court applied the wrong legal standard when considering the validity of the fee-setting regulation and insist the district court should have reviewed whether the regulation was "arbitrary and capricious." We take this opportunity to clarify the standard of review when assessing the validity of a regulation.[1]

The standard for reviewing the validity of a regulation is outlined in NRS 233B.110(1), which states that "[t]he court shall declare the regulation invalid if it finds that it *violates constitutional or statutory provisions or exceeds the statutory authority of the agency.*"[2] (Emphasis

---

[1]Nothing in our discussion here should be conflated with the standard of review of an agency's final decision under NRS 233B.135, which includes arbitrary and capricious review. *See* NRS 233B.135(3)(f). Because appellants did not petition for judicial review under that statute, our review is confined by the review mandates articulated in NRS 233B.110.

[2]In order to remain within the authority provided by statute, an agency must articulate a basis or reason for the adoption of the challenged regulation that rationally relates to a reasonable interpretation of the agency's governing statutory authority. *See* NRS 233B.040(1) ("To the extent authorized by the statutes applicable to it, each agency may adopt reasonable regulations to aid it in carrying out the functions assigned to it by law .... [This] power ... is limited by the terms of the grant of authority pursuant to which the function was assigned."); *The Nev. Indep. v. Whitley*, 138 Nev. 122, 126, 506 P.3d 1037, 1042 (2022) (stating that "regulations cannot contradict or conflict with the statute they are intended to implement" (internal quotation marks omitted)); 73 C.J.S. *Public Administrative Law and Procedure* § 275 (2014) (noting that courts reviewing "whether a regulation that has been promulgated is consistent with the statutes" only defer when the agency's determination is "reasonable and not arbitrary").

added.) "Where the language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself." *State v. Jepsen*, 46 Nev. 193, 196, 209 P. 501, 502 (1922).

Based on the statute's plain language, arbitrary and capricious review is not contemplated. NRS 233B.110(1) is clear and unambiguous— an agency regulation is reviewed for whether it violates statutory or constitutional provisions or whether it exceeds the agency's statutory authority. There is no room for us to read arbitrary and capricious review into the standard provided by statute.

Despite the distinct lack of language in NRS 233B.110 authorizing arbitrary and capricious review, we acknowledge our caselaw has included the words "arbitrary and capricious" when discussing regulatory review, beginning with *State, Division of Insurance v. State Farm Mutual Automobile Insurance Co.* 116 Nev. 290, 995 P.2d 482 (2000). There, we said "a court will not hesitate to declare a regulation invalid when the regulation violates the constitution, conflicts with existing statutory provisions or exceeds the statutory authority of the agency *or is otherwise arbitrary and capricious.*" *Id.* at 293, 995 P.2d at 485 (emphasis added). We repeated this same standard in subsequent caselaw. *See Romano v. Romano*, 138 Nev. 1, 8, 501 P.3d 980, 985 (2022); *Felton v. Douglas County*, 134 Nev. 34, 38, 410 P.3d 991, 995 (2018); *Meridian Gold Co. v. State ex rel. Dep't of Taxation*, 119 Nev. 630, 635, 81 P.3d 516, 519 (2003).

No analysis or discussion, however, was presented in *State Farm* to account for the addition of the "arbitrary and capricious" language. We further cited two cases that also do not contain language for arbitrary and capricious review, *see Clark Cty. Social Serv. Dep't v. Newkirk*, 106 Nev.

177, 179, 789 P.2d 227, 228 (1990); *Roberts v. State*, 104 Nev. 33, 37, 752 P.2d 221, 223 (1988). *State Farm*, 116 Nev. at 293, 995 P.2d at 485.

Furthermore, of the cases that have included the "arbitrary and capricious" language, none have actually used the standard to review a regulation, including *State Farm*, and all were instead decided on different grounds. *See Romano*, 138 Nev. at 7-8, 501 P.3d at 985-86 (listing grounds for invalidating a regulation and concluding "none of those circumstances apply here"); *Felton*, 134 Nev. at 38, 410 P.3d at 995 (interpreting the challenged regulation in harmony with statutory authority); *Meridian Gold*, 119 Nev. at 635-36, 81 P.3d at 519-20 (applying arbitrary and capricious review to an agency decision, not a regulation); *State Farm*, 116 Nev. at 295-96, 995 P.2d at 486 (determining the agency exceeded its statutory authority in promulgating the challenged regulation).

The statute at issue expressly provides for the standard of review that should be applied.[3] Therefore, we clarify that the standard for reviewing the validity of a regulation under NRS 233B.110 is that which is provided for in NRS 233B.110(1)—whether the regulation "violates

---

[3]Appellants do not raise an issue of fundamental rights in the present case. We note, however, that a court's review of a regulation involving fundamental rights is not, and cannot be, limited by standards set by the Legislature. *See Salisbury v. List*, 501 F. Supp. 105, 109 (D. Nev. 1980) ("Where a fundamental right is involved, the inquiry of the court does not end upon a finding that the regulation . . . is reasonably related to its enabling legislation . . . ."); 73 C.J.S. *Public Administrative Law and Procedure* § 275; *see also Marbury v. Madison*, 5 U.S. 137, 178 (1803) ("[T]he constitution is superior to any ordinary act of the legislature; the constitution, and not such ordinary act, must govern the case to which they both apply.").

constitutional or statutory provisions or exceeds the statutory authority of the agency."[4]

*Application of the standard of review in the promulgation of NAC 322.195*

Turning to the regulation at issue, appellants next argue that the Division exceeded its statutory authority in promulgating NAC 322.195 because the fee schedule does not comport with the statutory standard for setting fees. "Appeals involving interpretation of a statute or regulation present questions of law subject to our independent review." *Silver State Elec. Supply Co. v. State ex rel. Dep't of Taxation*, 123 Nev. 80, 84, 157 P.3d 710, 713 (2007). Although this court "will generally defer to an agency's interpretation of its governing statutes and regulations, we need only do so if its interpretation is *reasonable*," *Pub. Emps.' Ret. Sys. of Nev. v. Nev. Policy Research Inst., Inc.*, 134 Nev. 669, 673 n.3, 429 P.3d 280, 284 n.3 (2018), and it is firmly established that "regulations cannot contradict or conflict with the statute they are intended to implement," *The Nev. Indep. v. Whitley*, 138 Nev. 122, 126, 506 P.3d 1037, 1042 (2022) (internal quotation marks omitted). Because "[a]gency regulations are presumed valid," the burden to overcome that presumption rests with the challenger. *Id.*

The Division created the challenged regulation, NAC 322.195, based on amendments to NRS 322.120. NRS 322.120 mandates that the Registrar charge a fee when issuing permits for the residential use of a pier or buoy. NRS 322.120(1), (2)(b)(2). The statute does not specify the

---

[4]The Legislative Commission, as amicus curiae, urges us to give deference to its approval of the regulation and to review whether the regulation is reasonable as a matter of law. We decline the invitation to alter our statutorily mandated review of a regulation.

amounts to be charged or how they should be calculated. Both appellants and the Registrar agree, as do we, that we must look to another statute in the same section to find legislative guidance for calculating the fees—NRS 322.100.

NRS 322.100(1) provides that the fee charged for issuing a permit "for any lawful use of state land" be "in such an amount as the State Land Registrar determines to be reasonable based upon the fair market value of the use." Therefore, when read together, NRS 322.100 and NRS 322.120 require the Registrar to charge a permit fee for the residential use of a pier or buoy in an amount the Registrar determines is reasonable based on the fair market value of the use of state land. *See Ceballos v. NP Palace, LLC*, 138 Nev., Adv. Op. 58, 514 P.3d 1074, 1078 (2022) ("Whenever possible, this court interprets separate statutes harmoniously.").

Appellants argue that the "reasonable based upon the fair market value of the use" language in NRS 322.100(1)(b) means that the fee must be based *solely* on the fair market value of the state-owned submerged land that a pier or buoy occupies, without regard to other factors. They likewise argue that a uniform fee cannot be based on the fair market value of the use of state land because it charges the same fee regardless of the amount or location of the state-owned submerged land. Because the Division considered factors beyond the fair market value of the state-owned submerged land and imposed a uniform fee in NAC 322.195, appellants assert the Division exceeded its statutory authority.

We find that in attempting to establish a fair market value in line with its interpretation of the statutes, the Division did not exceed its statutory authority by referencing multiple methodologies. The statutes do not identify a particular formula for calculating the fair market value of the

SUPREME COURT
OF
NEVADA

(O) 1947A

use of piers and buoys on state land. And the Division employed a range of approaches to obtain varying estimates. The Division then determined a reasonable amount to charge for pier and buoy permits based on those varying estimates. All of this was done within the authority provided by NRS 322.100 and NRS 322.120.

Lastly, we are unpersuaded by appellants' attempts to supplement the statutory language by arguing that the fees should be based on the fair market value of the *individualized* use of state land and that a uniform fee conflicts with the statutes. Nothing in NRS 322.100 or NRS 322.120 provides for such a customized approach to setting fees, and we note that the statute previously set fees for piers and buoys in a uniform manner.

## *CONCLUSION*

In conclusion, the Division did not exceed its statutory authority in promulgating NAC 322.195, and appellants have not overcome the presumption that the regulation is valid.[5] Contrary to appellants' assertion, no genuine issue of material fact exists, and the Division is

---

[5]Appellants assert the district court erred by imposing on them a burden to propose an alternative fee schedule in order to prevail in their challenge to the regulation. As discussed, regulations are entitled to a presumption of validity, and it was appellants' burden to overcome that presumption. In concluding appellants had not met their burden, the district court commented that appellants did not present evidence of what constituted a fair market value or what a reasonable fee based on the fair market value would have been. We discern no error by the district court in this regard. *Cf. Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007) ("[I]f the nonmoving party will bear the burden of persuasion at trial, the party moving for summary judgment may satisfy the burden of production by . . . pointing out . . . that there is an absence of evidence to support the nonmoving party's case." (second omission in original) (internal quotation marks omitted)).

SUPREME COURT
OF
NEVADA

(O) 1947A

10

entitled to judgment as a matter of law. Accordingly, we affirm the district court's order granting summary judgment.

_____, J.
Lee

We concur:

_____, C.J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

_____, J.
Parraguirre

_____, J.
Bell

SUPREME COURT
OF
NEVADA

(O) 1947A