CHARLES FRIAS, DBA ABC UNION CAB COMPANY, APPELLANTS, *v.* AURELIO M. VALLE AND CIPRIANA VALLE, RESPONDENTS.

No. 15319

April 26, 1985                                         698 P.2d 875

*Paul C. Parraguirre,* Las Vegas, for Appellants.

*Isabel Fleisher,* Las Vegas, for Respondents.

---

## OPINION

*Per Curiam:*

Appellant Charles Frias is the owner of the ABC Union Cab Company. Respondents Aurelio and Cipriana Valle are husband and wife. On February 9, 1981, a cab being driven by Michael McKnight, an employee of Union Cab, collided with a small pickup truck being driven by Aurelio Valle. At the time of the accident, Valle was stopped in the left turn lane at the intersection of Tropicana and Las Vegas Boulevard. McKnight's cab struck the rear of Valle's truck.

The Valles brought this personal injury action against Charles Frias, dba ABC Union Cab Company, and a jury awarded them $110,500.00 in damages. This appeal followed.

There was some discrepancy in the witnesses' testimony as to the severity of the impact and the events immediately following the accident. McKnight, the cab driver, and Officer Sowder, the highway patrolman who conducted the accident investigation, both said the accident was minor. Valle's depiction was more dramatic. Apparently, the accident was neither severe enough to summon an ambulance nor render Valle's vehicle inoperable.

Valle testified that the force of the impact knocked him unconscious. McKnight testified that after the initial contact, Valle immediately turned around and looked at him, then got out of his truck, stepped onto the road divider and complained that now he would be late for work.

Appellant first contends that the trial court erred in admitting Officer Sowder's traffic accident report into evidence. We agree. The report contained statements of third parties, Sowder's conclusions as to the cause of the accident and reference to the citation issued to the cab driver. We conclude the trial court erred by admitting the traffic accident report into evidence.

It is the function of the trier of fact to decide who and what caused an accident. The conclusions of Officer Sowder, based upon statements of third parties and a cursory inspection of the scene, did not qualify him to testify as to who was at fault. Evidence of the traffic citation was also inadmissible. Ferreira v. General Motors Corp., 657 P.2d 1066, 1069 (HawaiiCt.App. 1983). *See also* Ingrum v. Tucson Yellow Cab Co., 642 P.2d 868, 872 (Ariz.Ct.App. 1982). By admitting Officer Sowder's traffic accident report into evidence, the trial court erred.

Appellant next contends that the trial court erred in admitting into evidence thermograms lacking proper foundation and authentication. We concur. During trial, respondents were permitted to use thermograms to prove the extent of Aurelio Valle's soft tissue injuries. It was represented to the court that thermography portrays the variations in infrared energy radiating from the skin, thus providing visual images of a complainant's injuries. *See* Archer, S.D. and Zinn, J.A., *Thermograms: Persuasive Tools in Soft-Tissue Injury Cases,* 19 Trial, Feb. 1983 at 68, 68.

Respondents called Dr. Rask, a specialist in neurological and orthopedic surgery, to lay foundation and authenticate the thermograms. Dr. Rask considered himself an expert in the field of thermography and had treated Valle for back and neck injuries sustained in the accident. However, Dr. Rask had not ordered the thermograms, nor had he used them in treating Valle. Additionally, the first time Dr. Rask viewed the thermograms was in a hallway outside the courtroom just prior to taking the stand.

Dr. Rask testified that the thermograms were taken by Dr. Smith. Neither Dr. Smith nor anyone from his staff testified as to how or when the thermograms were taken, how they could be identified, or the condition of the thermographic equipment. No

one with personal knowledge testified as to how, when and in what manner the thermograms were taken.

When Dr. Rask was asked how he was able to identify the patient whose thermograms he was evaluating, he responded that he was able to identify them because they had Valle's name on them. Dr. Rask did not testify as to how and when Valle's name had been affixed to the thermograms. Because these thermograms were not authenticated and no proper foundation was laid for their use in testimony, we conclude their admission in evidence violated NRS 52.015[1] and was error.

Lastly, we hold that the lower court properly exercised its discretion in excluding inaccurate wage summaries and irrelevant impeachment evidence, and in admitting the statement of the ABC Union Cab Company supervisor who, after arriving on the scene, offered money to Valle to forget the incident.

Accordingly, the judgment is reversed, and the cause remanded for a new trial.

---

[1]NRS 52.015 provides:

1. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence or other showing sufficient to support a finding that the matter in question is what its proponent claims.

2. The provisions of NRS 52.025 to 52.105, inclusive, are illustrative and not restrictive examples of authentication or identification which conform to the requirements of this section.

3. Every authentication or identification is rebuttable by evidence or other showing sufficient to support a contrary finding.