ANNA MENDEZ, Individually and as Next of Kin of ROBERT MENDEZ, JR., Appellant, *v.* KAREN M. BRINKERHOFF, Respondent.

No. 18526

April 6, 1989                    771 P.2d 163

*Osborne, Jenkins & Gamboa,* Reno, for Appellant.

*Erickson, Thorpe, Swainston, Cobb & Lundemo* and *William C. Jeanney* and *Roger Whomes,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This appeal arises out of a collision between automobiles driven by appellant Anna Mendez, plaintiff below, and respondent Karen Brinkerhoff. Mendez and her passenger-son, Robert, were traveling through an intersection in Reno as Brinkerhoff was attempting to negotiate a left-hand turn. The two cars collided,

resulting in injuries to Mendez and her son as well as Brinkerhoff, who filed a counterclaim against Mendez. The jury returned a verdict favoring Brinkerhoff, but awarded no damages. On appeal, Mendez contends that the trial court erred in denying her motions for a directed verdict and a new trial. We disagree and affirm.

During trial, the district court excluded evidence which revealed that the investigating officer issued Brinkerhoff a citation for failing to yield the right-of-way as required by NRS 484.317.[1] The court also excluded evidence showing that Brinkerhoff forfeited bail when she failed to appear in court to contest the citation.

At the close of Brinkerhoff's evidence, Mendez made a motion for a directed verdict. The court denied the motion and allowed the issue of liability to go to the jury. As noted previously, the jury ultimately returned a verdict in Brinkerhoff's favor, but awarded no damages. The jury also found by special verdict that neither Brinkerhoff nor Mendez was negligent.

Mendez first argues that the district court erred when it denied her motion for directed verdict. Although Mendez did present substantial evidence supporting her negligence claim against Brinkerhoff, her evidence was not so overwhelming that a verdict in her favor was mandated by law. *See* Bliss v. DePrang, 81 Nev. 599, 602, 407 P.2d 726, 628 (1965).

Brinkerhoff presented substantial conflicting evidence indicating that either Mendez's negligence or circumstances unrelated to either party's conduct may have caused the collision. Therefore, we cannot say that the district court erred in denying Mendez's directed verdict motion. *Id.*

Mendez also contends that the district court erred in excluding evidence showing that Brinkerhoff forfeited bail under her citation. She maintains that the evidence should have been admitted as a "party admission" under NRS 51.035(3)(a).[2] We disagree.

---

[1]NRS 484.317 *provides:*

The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but such driver, having so yielded and having given a signal when and as required, may make such left turn and the drivers of all other vehicles approaching the intersection from the opposite direction shall yield the right of way to the vehicle making the left turn.

[2]NRS 51.035(3)(a) *provides:*

"Hearsay" means a statement offered in evidence to prove the truth of the matter asserted unless:

■■■■ ■

When a person forfeits bail under a traffic citation, there is no recorded interchange between a court and an alleged traffic offender to ascertain why he or she chose not to contest the charges. The evidence, standing alone, is equivocal, supporting both an admission of guilt and an inference that the party forfeited bail as a matter of convenience or sound economics. Because the evidence is so ambivalent, we conclude that it is not admissible against the forfeiting party as an admission that he or she committed the traffic offense charged in the citation. *See* 29 Am.Jur.2d *Evidence* § 701 (1967). *See also* Walker v. Forrester, 764 P.2d 1337 (Okla. 1988); Samuel v. Mouzon, 320 S.E.2d 482 (S.C.Ct.App. 1984).

■■■■ ■

Because it is not a "party admission," the fact that Brinkerhoff forfeited bail is relevant only as proof that she received a traffic citation. Evidence showing only that a party received a traffic citation is inadmissible in a civil action. Frias v. Valle, 101 Nev. 219, 221, 698 P.2d 875, 876 (1985). Therefore, the district court properly excluded the evidence of forfeited bail in this case.

For the foregoing reasons, the jury verdict is affirmed.

STEFFEN, A. C. J., SPRINGER, MOWBRAY, and ROSE, JJ., and FOLEY, D. J.,[3] concur.

———————

. . . .
3.  The statement is offered against a party and is:

(a) His own statement, in either his individual or a representative capacity. . . .

[3]The Honorable Thomas A. Foley, Judge of the Eighth Judicial District, was designated by the Governor to sit in the place of THE HONORABLE CLIFF YOUNG, Chief Justice, who voluntarily recused himself. Nev. Const., art. 6, § 4.