HAROLD A. WHITE, Appellant, *v.* CONTINENTAL INSURANCE COMPANY, Respondent.

No. 37656

April 3, 2003

65 P.3d 1090

*Carl M. Hebert,* Reno, for Appellant.

*Perry & Spann* and *Linda J. Linton,* Reno, for Respondent.

Before ROSE, MAUPIN and GIBBONS, JJ.

## OPINION

*Per Curiam:*

Harold A. White appeals from a declaratory judgment entered by the district court in favor of his automobile liability insurer, Continental Insurance Company. The district court upheld Continental's denial of White's claim for "uninsured/underinsured" motorist (UM/UIM) benefits made in connection with an automobile collision with a vehicle owned by the City of Reno. The district court found that the self-insured exclusion contained in White's policy precluded recovery for UM/UIM benefits because the City was a qualified self-insured entity under the Nevada Motor Vehicle Insurance and Financial Responsibility Act.[1]

We conclude that as a matter of law, the City is not uninsured or underinsured; thus, the policy's UM/UIM coverage never became operative. Because we conclude that Continental has no obligation to pay UM/UIM benefits as a matter of law, we need not analyze the policy exclusion upon which the district court relied. We therefore affirm the district court's judgment in Continental's favor.

## FACTS

White was injured in an automobile accident with a street-sweeping machine owned by the City of Reno, which was self-insured up to its liability limit of $50,000 as set forth in NRS 41.035.[2] White filed an action seeking damages for his personal injuries against the City and its employee, the operator of the sweeper. Subsequently, White settled his claim with the City for $45,000, $5,000 less than the $50,000 liability limit for state and local governments.

---

[1]*See* NRS 41.038; NRS 485.380.

[2]NRS 41.035 waives the sovereign immunity of the state and its political subdivisions in tort actions up to $50,000.

· Continental's policy insuring White provided UM/UIM motor vehicle coverage with optional limits of $250,000 per person and $500,000 per accident. Because White's damages allegedly exceeded $50,000, White's counsel notified Continental that a claim would be made for damages in excess of $50,000 based on White's UM/UIM coverage.

Upon receiving notice from White's counsel, Continental intervened in the suit against the City,[3] seeking a judicial declaration that its UM/UIM coverage exclusion for accidents involving vehicles ''owned or operated by a self-insurer'' effectively renounced coverage in this instance. White filed a counterclaim arguing the exclusion was void as against public policy.[4]

Continental moved for summary judgment, which was granted by the district court. Specifically, the district court found the exclusion unambiguously barred recovery by White because the City's street-sweeping machine was a self-insured vehicle. Further, the district court found White's public policy argument regarding the exclusionary clause without merit. This appeal followed.

## DISCUSSION

Under the unique facts of this case, the City was not uninsured or underinsured as a matter of law. The City was a qualified self-insured, and it was insured to the extent of its maximum statutory liability of $50,000. Consequently, the policy's UM/UIM coverage was inoperative. As noted, although the parties focused on the application of the self-insured exclusion both in the district court and in their appellate briefs, we need not and do not address the validity of the exclusionary language contained in the Continental policy.

### Standard of review

A district court's conclusions of law are reviewed de novo.[5] The construction of a statute is a question of law.[6] '' 'Where the language of a statute is plain and unambiguous, and its meaning is clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the

---

[3]See Allstate Insurance Co. v. Pietrosh, 85 Nev. 310, 454 P.2d 106 (1969).

[4]Additionally, White argued the exclusion for government-owned vehicles was void. As this issue is well settled, it is not addressed here. See Arnesano v. State, Dep't Transp., 113 Nev. 815, 819, 942 P.2d 139, 142 (1997).

[5]Bopp v. Lino, 110 Nev. 1246, 1249, 885 P.2d 559, 561 (1994).

[6]City of Reno v. Reno Gazette-Journal, 119 Nev. 55, 58, 63 P.3d 1147, 1148 (2003).

statute itself.' '"[7] " 'It is well settled in Nevada that words in a statute should be given their plain meaning unless this violates the spirit of the act.' '"[8]

*Uninsured vehicle coverage*

White's automobile insurance coverage with Continental was written in compliance with NRS 690B.020, Nevada's "uninsured vehicle coverage" statute. NRS 690B.020 requires, with certain exceptions, that automobile liability policies provide protection to insureds who are legally entitled to recover damages from uninsured drivers. NRS 690B.020(3)(a) defines an uninsured vehicle as one "[w]ith respect to which there is not available at the department of motor vehicles evidence of financial responsibility as required by chapter 485 of NRS."

NRS 485.380(1) states, "Any person in whose name more than 10 motor vehicles are registered in the State of Nevada may qualify as a self-insurer by obtaining a certificate of self-insurance issued by the department as provided in subsection 2." Furthermore, NRS 41.038 allows local governments to self-insure against liability claims up to their maximum limit of $50,000.[9]

As noted, the street-sweeping machine was owned by the City, was operated at the time of the accident by a City employee, and the City was a qualified self-insurer to the extent of its statutory liability in accordance with NRS 41.038.[10] Since Nevada's financial responsibility laws define self-insurers as insured,[11] such entities or persons cannot also be defined as uninsured. Thus, as a matter of law, the City was not uninsured under NRS 690B.020. The City's status as a qualified self-insured, therefore, makes NRS 690B.020 inapplicable. Thus, we conclude that Continental was under no obligation to pay "uninsured" motorist benefits to White.

*Underinsured motorist coverage*

NRS 687B.145(2) requires that UM coverage include UIM protection. UIM coverage provides for the payment of benefits to a

[7]*Attorney General v. Board of Regents,* 114 Nev. 388, 392, 956 P.2d 770, 773 (1998) (quoting *State v. Jepsen,* 46 Nev. 193, 196, 209 P. 501, 502 (1922)).

[8]*Id.* (quoting *McKay v. Bd. of Supervisors,* 102 Nev. 644, 648, 730 P.2d 438, 441 (1986)).

[9]*See* NRS 41.035.

[10]*See* NRS 41.035; NRS 485.380.

[11]*See* NRS 485.037.

person insured under an automobile liability policy for damages the insured is ''legally entitled to recover'' from an adverse driver, when the adverse driver's liability insurance limits are insufficient to extinguish that liability.[12]

Here, White is legally entitled to recover only $50,000, the statutory cap on the City's liability. The City was self-insured to the statutory amount. Thus, UIM coverage is not at issue here under NRS 687B.145(2). Further, under *Mann v. Farmers Insurance Exchange,*[13] White's settlement for less than the statutory cap does not change our analysis.

In *Mann,* we held that a UIM carrier is obligated to pay UIM benefits only for damages that exceed the underinsured driver's liability limits.[14] Therefore, even if a UM/UIM insured settles with the underinsured driver for less than the driver's liability limits, the insured's UIM coverage applies only to damages that surpass those liability limits. Thus, UIM coverage is not available for the gap between the settlement amount and the adverse driver's liability policy limit.

In the present case, White's UIM coverage would pay benefits only for damages beyond the $50,000 limit for which the adverse driver was liable. As explained above, since the $50,000 cap represents a limit on liability, White's UIM coverage was not activated. We note that in *Mann,* the tortfeasor was also subject to the $50,000 cap on municipal liability.[15] To the extent that *Mann* suggests that UIM coverage would apply to a claim for damages beyond that liability limit, it is expressly overruled.

## CONCLUSION

As a matter of law, the City was not uninsured because it was self-insured under the relevant statutes. The City was also not underinsured because its legal liability is capped at $50,000, and the City was self-insured to the extent it could be held liable for White's injuries.

Accordingly, the district court reached the correct result that White cannot obtain UM/UIM benefits under the Continental policy. Therefore, we affirm the district court's judgment.[16]

---

[12]NRS 687B.145(2).

[13]108 Nev. 648, 836 P.2d 620 (1992).

[14]*Id.* at 650-51, 836 P.2d at 621-22.

[15]*Id.* at 648, 836 P.2d at 620.

[16]*See Rosenstein v. Steele,* 103 Nev. 571, 575, 747 P.2d 230, 233 (1987) (concluding ''this court will affirm the order of the district court if it reached the correct result, albeit for different reasons'').