JOHN LANGON, Appellant, *v.* JULIA MATAMOROS,
an Individual, Respondent.

No. 42153

May 26, 2005                                111 P.3d 1077

*E. Sue Saunders,* Reno, for Appellant.

*Turner & Riddle* and *Karl H. Smith,* Reno, for Respondent.

Before Maupin, Douglas and Parraguirre, JJ.

## OPINION

By the Court, MAUPIN, J.:

In this appeal, we consider whether NRS 41.133, which mandates that conviction of a crime resulting in injury to the victim is conclusive evidence of civil liability for the injury, applies to misdemeanor traffic violations.

### FACTS AND PROCEDURAL HISTORY

Appellant John Langon and respondent Julia Matamoros were involved in an automobile accident, as a result of which police issued Matamoros a citation for failure to yield the right of way. Matamoros ultimately pleaded no contest, forfeited bail and paid a fine in connection with the citation.

Langon sued Matamoros for personal injuries under a negligence theory of recovery and proceeded to trial. The jury returned a verdict in favor of Matamoros, and the district court entered judgment accordingly. The district court then denied Langon's motion for judgment notwithstanding the verdict and in the alternative for a new trial. Langon appeals from the judgment and order denying his post-trial motions.

### DISCUSSION

The construction of a statute is a question of law, which we review de novo.[1] We review an order denying a motion for a new trial for abuse of discretion.[2]

### NRS 41.133 civil liability

Langon argues that, under NRS 41.133, Matamoros' conviction pursuant to a no contest plea and forfeiture of bail for failure to yield is admissible as conclusive evidence that she is liable for his injuries. Accordingly, Langon argues that the district court erred in denying his post-trial motions. Matamoros asserts that her plea of no contest did not result in a judgment of conviction of a

---

[1]*White v. Continental Ins. Co.,* 119 Nev. 114, 116, 65 P.3d 1090, 1091 (2003).

[2]*Krause Inc. v. Little,* 117 Nev. 929, 933, 34 P.3d 566, 569 (2001). The order denying judgment notwithstanding the verdict is not appealable. *Id.*

"crime" for the purposes of NRS 41.133. We agree with Mata-moros and hold that NRS 41.133 does not apply to misdemeanor traffic offenses.[3]

We ascribe the plain meaning to a statute that is not ambiguous.[4] When " 'the statutory language . . . fails to address [an] issue [impliedly affected by the statute],' " legislative intent controls.[5] "We look to reason and public policy to discern legislative intent."[6] Because the scope of NRS 41.133 is inherently unclear, particularly in relation with other statutory measures governing tort liability, and because a literal reading of the measure would result in consequences unintended by the Legislature, we must undertake an examination of the Legislature's intent with regard to its enactment.

NRS 41.133 states: "If an offender has been convicted of the crime which resulted in the injury to the victim, the judgment of conviction is conclusive evidence of all facts necessary to impose civil liability for the injury."

The Legislature enacted NRS 41.133 from a group of victims' rights bills, which included a companion measure that prohibited a convicted offender from suing victims for injuries sustained during the commission of sexual assault, kidnapping, arson, robbery, burglary, sexual molestation and criminal homicide.[7] The bill was approved and signed by the Governor, and the companion provision became NRS 41.135.[8] The separation of the companion provision as NRS 41.135, from the text of the bill that eventually became NRS 41.133, resulted from an administrative act of revision not performed by the Legislature. The crimes of violence originally enumerated in the bill draft that became NRS 41.135 reflected

---

[3]In *Mendez v. Brinkerhoff,* 105 Nev. 157, 771 P.2d 163 (1989), this court held that forfeiture of bail in connection with a traffic citation was not admissible in a civil proceeding as an admission that the cited party committed the charged traffic offense. Although *Mendez* was decided after the enactment of NRS 41.133, we did not determine whether the statute applied because, at least ostensibly, the events in question pre-dated the statute's effective date.

[4]*Crestline Inv. Group v. Lewis,* 119 Nev. 365, 368, 75 P.3d 363, 365 (2003).

[5]*Id.* (quoting *A.F. Constr. Co. v. Virgin River Casino,* 118 Nev. 699, 703, 56 P.3d 887, 890 (2002)).

[6]*State v. Catanio,* 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004).

[7]*See* A.B. 268, 63d Leg. (Nev. 1985).

[8]The Legislature amended NRS 41.135 in 1997 to state that a person who is convicted of committing or attempting to commit a felony, an act that would have been a felony if committed by an adult, or a misdemeanor or gross misdemeanor that constitutes domestic violence, may not bring an action against the victim for injuries or property damage the offender suffered. 1997 Nev. Stat., ch. 476, § 17, at 1811.

malum in se offenses that legislators clearly intended NRS 41.133 to include; nothing in the legislative history indicates that legislators contemplated that malum in prohibitum offenses such as traffic violations would be considered crimes for the purposes of the overall measure.[9] We therefore conclude that NRS 41.133 does not apply to misdemeanor violations of state and local traffic codes.

Moreover, the application of NRS 41.133 to misdemeanor traffic violations would directly conflict with NRS 41.141, Nevada's comparative negligence statute, thus thwarting a more specific legislative purpose.[10] First, NRS 41.141 insulates a defendant from liability in cases in which a plaintiff's comparative negligence exceeds that ''of the parties to the action against whom recovery is sought.''[11] Second, NRS 41.141 reduces the extent of the defendant's liability when the comparative negligence of the plaintiff is found to be less than 51 percent of the total causal negligence. If NRS 41.133 were applied as Langon suggests, discretionary police decisions to issue traffic citations, regardless of potential evidence of comparative negligence, would serve to conclusively override the basic statutory construct governing the law of negligence. Such an approach would render the comparative negligence scheme of NRS 41.141 meaningless in this context.

*Remaining assignments of error*

Langon asserts that the district court erred in rejecting his proposed jury instruction on negligence per se. He further contends that the district court abused its discretion in refusing to allow the police officer who responded to the scene to testify as an expert, admitting a letter by Langon's treating chiropractor, and admitting Langon's employment records. We have considered these arguments and conclude that they lack merit.

## CONCLUSION

Because NRS 41.133 does not apply to misdemeanor traffic offenses, convictions entered upon traffic citations may not be used to conclusively establish civil liability. We therefore affirm the judgment below and the order denying post-trial motions.

DOUGLAS and PARRAGUIRRE, JJ., concur.

---

[9]*See, e.g., State, Div. of Insurance v. State Farm,* 116 Nev. 290, 293-94, 995 P.2d 482, 485 (2000) (noting that when a statute is ambiguous, the court should examine legislative history and intent); *Nunez v. Sahara Nevada Corp.,* 677 F. Supp. 1471, 1473 (D. Nev. 1988) (considering a statute's meaning in the context of a larger statutory scheme).

[10]*See SIIS v. Surman,* 103 Nev. 366, 367-68, 741 P.2d 1357, 1359 (1987).

[11]*See also Buck v. Greyhound Lines,* 105 Nev. 756, 783 P.2d 437 (1989).