An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JUAN MALDONADO-MEJIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60389

FILED

MAY 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of operating a vessel under power while under the influence of intoxicating liquor causing death and/or substantial bodily harm. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

First, appellant Juan Maldonado-Mejia contends that there was insufficient evidence to support his conviction. We review the evidence in the light most favorable to the prosecution and determine whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992); *Jackson v. Virginia*, 443 U.S. 307 (1979).

A witness testified that she observed Maldonado-Mejia operating a jet ski at a high rate of speed inside the no wake zone at Lake Mohave. A moment later, the witness heard a crash and looked up to see that Maldonado-Mejia had crashed his jet ski into another man on a yellow jet ski. A second witness testified that he saw Maldonado-Mejia operating his jet ski in an irresponsible manner which caused him to order

13-14309

his children to stay out of the water. That witness testified that he observed the yellow jet ski slow down as it came into the no wake zone when Maldonado-Mejia hit the victim at a high rate of speed on the port side of the yellow jet ski. The witness testified that the victim tried to turn to the right to avoid the impact but Maldonado-Mejia was going too fast. A third witness testified that the two jet skis were heading directly towards each other when he saw the victim's jet ski stop briefly and then accelerate just before impact.

An officer from the Nevada Department of Wildlife testified that he arrived on scene shortly after the accident while the victim was being treated by an off-duty nurse and emergency medical technician and saw severe bruising on the victim's lower left chest and abdomen. The victim died a short time later. When the officer spoke with Maldonado-Mejia, he noticed that Maldonado-Mejia smelled of alcohol and had bloodshot watery eyes and an unsteady gait. The officer performed six field sobriety tests for impairment on his boat and Maldonado-Mejia showed signs of impairment in all six tests. Later, the officer attended the victim's autopsy and observed that the measurements of the victim's injuries were consistent with the design of the bow of Maldonado-Mejia's jet ski. The officer also testified that the watercraft navigation rules require a vessel which is approaching another vessel's port side to give-way by stopping or getting out of the way.

We conclude that a rational juror could infer from these circumstances that Maldonado-Mejia was operating his jet ski under the influence of intoxicating liquor and crashed into the victim causing substantial bodily injury and death because he failed to maintain a proper lookout, observe the victim on his starboard side and give-way, and/or maintain the proper speed and distance. *See* NRS 488.420(1); NRS 488.540(1), (3); NRS 488.580(2)(a); NAC 488.430; Inland Navigational Rules, Rules 14-15, 33 U.S.C. §§ 2014-2015 (head-on situation and crossing situation), *repealed and recodified as* 33 C.F.R. §§ 83.14-15 *by* Pub. L. 108-293 (Aug. 9, 2004) (eff. May 17, 2010). The jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the conviction. *Bolden v. State,* 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also Hernandez v. State,* 118 Nev. 513, 531, 50 P.3d 1100, 1112 (2002) ("[C]ircumstantial evidence alone may support a conviction."); *McNair,* 108 Nev. at 56, 825 P.2d at 573 ("[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses.").

Second, Maldonado-Mejia contends that the district court violated the Confrontation Clause by permitting a medical examiner to testify to the victim's manner of death and the results of a toxicology report because the medical examiner did not actually perform the autopsy or the toxicology test. The autopsy report and the toxicology report were both admitted into evidence. Because Maldonado-Mejia failed to object to

the medical examiner's testimony, we review for plain error. NRS 178.602; *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). "In conducting plain error review, we must examine whether there was 'error,' whether the error was 'plain' or clear, and whether the error affected the defendant's substantial rights." *Green*, 119 Nev. at 545, 80 P.3d at 95.

The Sixth Amendment Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him." U.S. Const. amend. VI. Although the lab technician who concluded that the victim's blood alcohol content was above the legal limit when he was struck by Maldonado-Mejia was not subject to cross-examination, we conclude that the medical examiner's testimony about the lab technician's conclusions did not violate Maldonado-Mejia's rights under the Confrontation Clause because this testimony was not "against him." *Id.* In fact, this evidence supported Maldonado-Mejia's theory of defense that the victim's actions caused the accident. Therefore, we conclude that the district court did not commit plain error by allowing the medical examiner to testify about the result in the toxicology report.

As to Maldonado-Mejia's contention that the medical examiner's testimony about the results of an autopsy performed by another examiner violated the Confrontation Clause, Maldonado-Mejia fails to identify which statements are testimonial. The medical examiner testified that her opinion was based upon the autopsy report and the

photographs taken during the autopsy. We have never held that the Confrontation Clause prohibits the testimony of an expert witness which is based upon autopsy photographs. *Cf. Vega v. State*, 126 Nev. ___, ___, 236 P.3d 632, 638 (2010) (holding that an independent opinion based on a video recording does not violate the Confrontation Clause because expert's judgment, proficiency and methodology are subject to cross-examination). Because Maldonado-Mejia has not identified the offending testimony with specificity, we cannot determine whether there was error or whether the error was clear. Even if the medical examiner's testimony was clear error, the independent testimony of the officer and other witnesses was sufficient to establish that Maldonado-Mejia's jet ski caused substantial injury and death to the victim. Therefore, Maldonado-Mejia cannot show that the medical examiner's testimony "(1) had a prejudicial impact on the verdict when viewed in context of the trial as a whole, or (2) seriously affects the integrity or public reputation of the judicial proceedings." *Libby v. State*, 109 Nev. 905, 911, 859 P.2d 1050, 1054 (1993), *vacated on other grounds*, 516 U.S. 1037 (1996). Thus, Maldonado-Mejia is not entitled to relief on this claim.

Third, Maldonado-Mejia contends that the district court erred by instructing the jury that "[t]he contributory negligence of another does not exonerate the defendant unless the other's negligence was the sole cause of injury." Maldonado-Mejia argues that this part of the proximate cause jury instruction shifted the burden of proof by requiring him to

prove that he bore no fault for the accident. Maldonado-Mejia is mistaken. When read within the context of the jury instruction as a whole, this sentence merely explains to the jury that, if they find that Maldonado-Mejia was the proximate cause of the victim's injury, the contributing fault of the victim does not necessarily negate that finding. *See Williams v. State*, 118 Nev. 536, 550, 50 P.3d 1116, 1125 (2002) (approving the same proximate cause instruction because "an intervening cause must be a superseding cause or the sole cause in order to completely excuse the prior act" (internal quotation marks omitted)); *Taylor v. Silva*, 96 Nev. 738, 741, 615 P.2d 970, 971 (1980) (explaining that contributing fault of the injured party does not negate a finding that defendant's negligence was a proximate cause of her injuries); *see also* 1 Charles E. Torcia, *Wharton's Criminal Law* § 47 (15th ed. 2012) (collecting cases). Therefore, the district court did not err by giving this instruction.

Fourth, Maldonado-Mejia contends that the district court erred by permitting two officers to testify to their conclusions about who was at fault for the accident because this testimony invaded the province of the jury. Maldonado-Mejia is mistaken. *See* David H. Kaye, David E. Bernstein, & Jennifer L. Mnookin, *The New Wigmore: Expert Evidence* § 2.2.1 (2d ed. 2013) (explaining why leading evidence scholars disagree). In Nevada, "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." NRS 50.295. To the extent Maldonado-Mejia

SUPREME COURT
OF
NEVADA

(O) 1947A

6

relies on this court's opinion in *Frias v. Valle*, 101 Nev. 219, 221, 698 P.2d 875, 876 (1985), a personal injury case, his case is distinguishable. In *Valle*, we held that an officer's opinion, as contained in his admitted accident report, was unreliable because it was based upon a cursory inspection of the scene. *Id.* Here, the officers' opinion was based on a thorough investigation conducted over a period of two weeks, including an examination of the damage to the vessel, the angle of impact, transfer marks, and a reconstruction of the accident. We conclude that the district court did not err by admitting the testimony of the officers.

Fifth, Maldonado-Mejia contends that the district court erred by failing to exclude the results of two blood tests taken more than two hours after the accident indicating that his blood alcohol level was .112 two hours and fifteen minutes after the accident and .095 an hour and two minutes later. Maldonado-Mejia failed to object to the admission of these results and we review for plain error. *See Green*, 119 Nev. at 545, 80 P.3d at 95. When asked on direct examination if she could form an opinion about Maldonado-Mejia's blood alcohol level at the time of the accident based on the test results, the forensic scientist testified that she could not form an opinion because there were too many variables. In light of this testimony, we agree with Maldonado-Mejia that the probative value of this evidence may have been outweighed by the danger of unfair prejudice. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 781-82 (2011). However, Maldonado-Mejia has not met his

SUPREME COURT
OF
NEVADA

(O) 1947A

burden of showing that this testimony affected his substantial rights. The forensic scientist repeatedly stated on direct and cross-examination that she could not draw any conclusions from these results about Maldonado-Mejia's blood alcohol content at the time of the accident thereby diminishing the possibility that the jury might have declared him guilty based solely on a reaction to his blood alcohol level several hours later. *See id.* Moreover, an officer testified that Maldonado-Mejia showed signs of impairment in all six of the field sobriety tests which were performed immediately after the accident. This independent evidence strongly supported the conclusion that Maldonado-Mejia was "under the influence of intoxicating liquor." NRS 488.420(1)(a). Therefore, we conclude that Maldonado-Mejia has not established plain error and is not entitled to relief on this claim.

Sixth, Maldonado-Mejia contends that his due process rights were violated because the officer did not conduct the field sobriety tests in Spanish. Maldonado-Mejia failed to object to this testimony and we review for plain error. *See Green*, 119 Nev. at 545, 80 P.3d at 95. Maldonado-Mejia admits that he could not find any case law on point but asks this court to consider this issue despite his failure to make any attempt to analogize his case to any other due process case. We conclude that Maldonado-Mejia has failed to demonstrate plain error.

Seventh, Maldonado-Mejia contends that cumulative error warrants reversal of his convictions. "One error is not cumulative error." *U.S. v. Sager,* 227 F.3d 1138, 1149 (9th Cir. 2000).

Having considered Maldonado-Mejia's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. James M. Bixler, District Judge
       Christopher R. Oram
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk