An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ALLEGIANT AIR, LLC D/B/A
ALLEGIANT AIRLINES, A NEVADA
LIMITED LIABILITY COMPANY; AND
ALLEGIANT TRAVEL COMPANY, A
NEVADA CORPORATION,
Appellants,
vs.
AAMG MARKETING GROUP, LLC
D/B/A AIRLINE ALTERNATIVE
MARKETING GROUP, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondent.

No. 64182

**FILED**

OCT 29 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF REVERSAL

This is an appeal from a district court judgment in a breach of contract and intentional tort action. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

On appeal, appellant Allegiant Airlines (Allegiant) contends that respondent Airline Alternative Marketing Group's (AAMG) claim for unjust enrichment is precluded by the Nevada Uniform Trade Secrets Act, codified at NRS 600A.090. We disagree, concluding instead, as an initial matter, that NRS 600A.090 does not preclude AAMG's unjust enrichment claim. However, Allegiant also contends that it was entitled to judgment as a matter of law or a new trial as to the unjust enrichment claim. We agree.

### BACKGROUND

Westgate Marketing, LLC (Westgate), owner of Planet Hollywood timeshares, hired AAMG to market its timeshares. Westgate agreed to compensate AAMG for each timeshare tour it secured. In turn,

AAMG, owned by Alfondia Hill, entered into a verbal agreement with Allegiant wherein Allegiant would carry Westgate's timeshare tour advertisement on its website.[1] According to the agreement, AAMG would pay Allegiant $75 for each qualified Allegiant customer who booked a tour of the Westgate timeshares through Allegiant's website during the test period. The agreed upon duration of the test period was 30 days, and AAMG sought to yield a profitable test period in the interest of securing a long term relationship.

At the end of the 30-day test period, the Westgate timeshare advertisement remained on Allegiant's website without further agreement between the parties to enter into a long term relationship. Overall, Allegiant carried the Westgate advertisement on its website for one year, from September 2009 to September 2010. Hill testified that Westgate paid AAMG $350 for each tour it secured during that year. Allegiant earned $5,527 from hosting the timeshare advertisement, but this amount was significantly less than the $720,000 to $7.2 million[2] AAMG claimed Allegiant could net annually. In September 2010, with the test period proving to be much less profitable than projected, Allegiant replaced Westgate's timeshare advertisement with a timeshare advertisement for Wyndham Vacation Resorts, Inc. (Wyndham).

---

[1]The advertisement offered qualified Allegiant customers free gifts if they agreed to participate in a 90-minute presentation and take a tour of the Westgate timeshares.

[2]Hill provided this estimate based on the initially proposed rate of $100 per tour.

Subsequently, AAMG filed suit against Allegiant and Wyndham, alleging numerous causes of action. Wyndham settled shortly before trial, but AAMG's claims against Allegiant for fraudulent misrepresentation, tortious interference, and unjust enrichment, continued to trial. At the close of evidence, Allegiant moved for judgment as a matter of law, which the district court denied. A jury found Allegiant liable for unjust enrichment, and awarded AAMG $800,000 in future damages. The district court then denied Allegiant's motion for judgment notwithstanding the verdict or a new trial.

## DISCUSSION

Pursuant to NRCP 50(a), the district court may grant a motion for judgment as a matter of law if the nonmoving party fails "to prove a sufficient issue for the jury, so that his claim cannot be maintained under the controlling law." *Nelson v. Heer*, 123 Nev. 217, 222, 163 P.3d 420, 424 (2007) (internal quotation marks omitted). If a party moves for judgment as a matter of law at the close of evidence under NRCP 50(a) and the motion is denied, the movant may renew the motion after the entry of judgment under NRCP 50(b). *Id.* at 223, 163 P.3d at 424. When considering a motion for judgment as a matter of law, "the district court must view the evidence and all inferences in favor of the nonmoving party." *Id.* at 222-23, 163 P.3d 424. On review, this court applies the same standard as the district court. *Id.* at 223, 163 P.3d at 424. Thus, the standard of appellate review for an order under either NRCP 50(a) or 50(b) is de novo. *Id.* at 223, 163 P.3d at 425. Statutory interpretation is a question of law, which we also review de novo. *Banks ex rel. Banks v. Sunrise Hosp.*, 120 Nev. 822, 846, 102 P.3d 52, 68 (2004). However, we review the district court's denial of Allegiant's motion for a new trial for an

abuse of discretion. *Langon v. Matamoros*, 121 Nev. 142, 143, 111 P.3d 1077, 1078 (2005).

*Nevada Uniform Trade Secrets Act*

Allegiant contends that AAMG's common law unjust enrichment claim is precluded by the Nevada Uniform Trade Secrets Act (NUTSA) because the unjust enrichment claim is based on misappropriation of trade secrets. Under NRS Chapter 600A, governing trade secrets, NRS 600A.090 sets out the effect of the chapter on other laws and remedies, providing:

> 1. Except as otherwise provided in subsection 2, this chapter displaces *conflicting* tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret.
>
> 2. This chapter does not affect:
>
> . . .
>
> (b) Other civil remedies that are not *based upon* misappropriation of a trade secret . . . .

(Emphases added).

Despite Allegiant's assertion of preclusion, we conclude that NRS 600A.090's plain language does not bar AAMG's unjust enrichment claim. *See Erwin v. State*, 111 Nev. 1535, 1538-39, 908 P.2d 1367, 1369 (1995) ("Where the language of a statute is plain and unambiguous . . . the courts are not permitted to search for its meaning beyond the statute itself." (internal quotation marks omitted)). AAMG voluntarily dismissed its misappropriation claim, and therefore, there was no NRS 600A.090 claim with which the unjust enrichment claim could conflict. Moreover, the statute explicitly provides that it does not affect other civil remedies that are not based on misappropriation. We conclude, after review of the record, that AAMG's unjust enrichment claim is not sufficiently based

upon misappropriation of a trade secret to justify its preclusion. We further note that this analysis is consistent with our decision in *Frantz v. Johnson,* 116 Nev. 455, 465, 999 P.2d 351, 357-58 (2000) (applying NRS 600A.090 and concluding that error existed where the district court relied on numerous tort and restitutionary causes of action excluded by the statute, as they all *related to misappropriation of a trade secret*).

*Unjust Enrichment*

"When a plaintiff seeks 'as much as he . . . deserve[s]' based on a theory of restitution . . . he must establish each element of unjust enrichment." *Certified Fire Prot. Inc. v. Precision Constr.,* 128 Nev., Adv. Op. 35, 283 P.3d 250, 257 (2012) (alteration in original) (quoting *Black's Law Dictionary* 1361 (9th ed. 2009)). "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Id.* (internal quotation marks omitted).

According to AAMG, it conferred a benefit on Allegiant through its services implementing the timeshare marketing plan. "Benefit in the unjust enrichment context can include services beneficial to or at the request of the other, denotes any form of advantage, and is not confined to retention of money or property." *Id.* (internal quotation marks omitted). Here, the evidence adduced at trial, viewed in the light most favorable to the nonmoving party, demonstrates that at least two benefits were conferred on Allegiant: $75 for each customer booking, and knowledge of the timeshare industry. Thus, we agree with AAMG that it conferred a benefit on Allegiant.

AAMG also argues that Allegiant appreciated such benefit by taking AAMG's knowledge of the timeshare industry and continuing to utilize the timeshare marketing program. To appreciate a benefit, the party must have knowledge of the benefit. *Dragt v. Dragt/DeTray, LLC*, 161 P.3d 473, 482 (Wash. Ct. App. 2007). As illuminated by emails between Allegiant's personnel, Allegiant would enter into the agreement with AAMG only if it stood to gain ample payment for providing access to its customer database. Viewed in the light most favorable to AAMG, Allegiant's subsequent limited agreement to conduct business with AAMG indicates its knowledge or appreciation that it would be receiving the benefit of AAMG's savvy about the timeshare industry, in addition to the negotiated price of $75 for each qualifying customer who booked a tour. Hence, Allegiant appreciated the benefit. However, our review does not end there.

Additionally, AAMG argues that the circumstances under which the benefit was appreciated were inequitable because Allegiant intentionally or inadvertently failed to inform AAMG that it was not going to enter into a long-term relationship. We disagree. "[Q]uantum meruit to avoid unjust enrichment applies 'when a party confers a benefit with a reasonable expectation of payment.'" *Certified Fire Prot.*, 128 Nev., Adv. Op. 35, 283 P.3d at 257 (quoting 26 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 68:1, at 24 (4th ed. 2003)). Here, AAMG had no reasonable expectation of payment from Allegiant. More appropriately, and conversely, Allegiant had an expectation of payment from AAMG. In turn, AAMG had an expectation of payment from Westgate, which, as conceded by Hill at trial, AAMG received.

We additionally reject AAMG's assertion that Allegiant was required to notify AAMG that it did not plan to enter into a long-term relationship. When a benefit is conferred without demonstrating an expectation of compensation, a sought-after, but unrealized long-term relationship does not justify an award of restitution for the benefit conferred, unless, of course, the conferral was conditioned upon entering into a long-term relationship. 26 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 68:5, at 69 (4th ed. 2003). Thus, the onus belonged to AAMG. However, AAMG failed to demonstrate an expectation of compensation from Allegiant, and did not condition the benefit conferred upon a long-term relationship. Moreover, AAMG's proposal anticipates the possibility that Allegiant would decide not to enter into a long-term relationship, describing the test period as a time to *consider* the merits or viability of a long-term relationship. Accordingly, although Allegiant received and appreciated a benefit, the acceptance and retention thereof did not occur under inequitable circumstances.

Thus, even when viewing the facts in a light most favorable to AAMG, all elements of unjust enrichment were not met. Accordingly, the district court erred by denying Allegiant's motions for judgment as a matter of law. Based on the foregoing, we

ORDER the judgment of the district court REVERSED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Gloria Sturman, District Judge
Lansford W. Levitt, Settlement Judge
Fennemore Craig, P.C./Phoenix
Fennemore Craig Jones Vargas/Las Vegas
Goodman Law Group
Stovall & Associates
Alexander R. Arpad
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A