# IN THE SUPREME COURT OF THE STATE OF NEVADA

PETER RICHARDSON, AN
INDIVIDUAL,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
KENNETH C. CORY, DISTRICT
JUDGE,
Respondents,
    and
OSCAR CABADA, AN INDIVIDUAL;
AND JOSE ALBERTO CABADA-
OROZCO, AN INDIVIDUAL,
Real Parties in Interest.

No. 81829

FILED

SEP 1 3 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This is an original petition for a writ of mandamus challenging a district court order denying a motion for summary judgment. Petitioner Peter Richardson argues that the district court improperly found that a misdemeanor conviction for driving under the influence (DUI) is a traffic violation and thus does not fall under NRS 41.133's conclusive liability provision. Richardson urges this court to entertain this petition because the application of NRS 41.133 to misdemeanor DUI convictions is an important legal issue of statewide importance that requires clarification. *See Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1198-99 (2020) (providing that "advisory mandamus" may be appropriate where petitioner "present[s] a serious issue of substantial

21-26388

public policy or . . . important precedential question[ ]" or a "legal issue[ ] of statewide importance requiring clarification [which] . . . promote[s] judicial economy and administration by assisting other jurists, parties, and lawyers" (internal quotation marks omitted)). Although we exercise our discretion to entertain this petition, we disagree that NRS 41.133 applies to misdemeanor DUI convictions and, therefore, we deny writ relief.

Real parties in interest Oscar Cabada and Jose Alberto Cabada-Orozco[1] rear-ended Richardson. Oscar was later charged with, and ultimately pleaded nolo contendere to, misdemeanor DUI.[2] Thereafter, Richardson filed a complaint against Oscar and Jose for, among other things, civil liability for driving under the influence under NRS 41.133 and NRS 42.010. Oscar and Jose counterclaimed against Richardson for indemnity and contribution.[3]

Richardson moved for summary judgment arguing, as relevant here, that Oscar's DUI conviction is conclusive of his civil liability to Richardson under NRS 41.133. NRS 41.133 provides that "[i]f an offender has been convicted of the crime which resulted in the injury to the victim, the judgment of conviction is conclusive evidence of all facts necessary to

---

[1]For clarity, we refer to the real parties in interest by their first names in this order.

[2]The parties have not raised, and we do not address, the effect that NRS 48.125(2) has on the issue presented in this writ petition. *See Douglas Disposal, Inc. v. Wee Haul, LLC*, 123 Nev. 552, 557 n.6, 170 P.3d 508, 512 n.6 (2007) ("The district court did not address this issue. Therefore, we need not reach the issue.").

[3]Because we hold that NRS 41.133 does not apply to Oscar's conviction, we do not address Richardson's argument that we should dismiss the counterclaims because they "are barred by [Oscar]'s DUI conviction."

impose civil liability for the injury." In denying summary judgment, the district court relied on *Langon v. Matamoros*, 121 Nev. 142, 111 P.3d 1077 (2005), reasoning that "NRS 41.133 does not apply to misdemeanor violations of state and local traffic codes." The district court determined that a violation of NRS 484C.110, which encompasses misdemeanor DUI offenses, is "a misdemeanor violation of a traffic code" because it "falls under NRS [Chapter] 484, which is titled Traffic Laws." Thus, the district court concluded that NRS 41.133 did not apply. We agree.

We have already held "that NRS 41.133 does not apply to misdemeanor traffic offenses." *Langon*, 121 Nev. at 144, 111 P.3d at 1078. A misdemeanor DUI offense is a misdemeanor traffic offense. As the district court properly noted, NRS Chapter 484 is titled "Traffic Laws," and encompasses NRS 484C.110, which prohibits driving under the influence. Thus, we conclude that NRS 41.133 cannot be used to establish conclusive liability here because Oscar's conviction is for a misdemeanor traffic offense. Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Hardesty

_____, J.        _____, J.
Parraguirre                     Stiglich

_____, J.        _____, J.
Cadish                          Silver

_____, J.        _____, J.
Pickering                   Herndon

cc: Chief Judge, Eighth Judicial District Court
Eighth Judicial District Court, Department 1
Drummond Law Firm
Law Office of Lee J. Grant II
Bauman Loewe Witt & Maxwell, PLLC/Las Vegas
Eighth District Court Clerk